UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHY McGILL-JOHNSON,   CASE NO. 6:21-cv-00420

      Plaintiff,

vs.

ORANGE COUNTY SUPERVISOR
OF ELECTIONS,

      Defendant.
_____/

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF WITH DEMAND FOR JURY TRIAL

Plaintiff CATHY McGILL-JOHNSON ["McGILL-JOHNSON"] sues Defendant ORANGE COUNTY SUPERVISOR OF ELECTIONS ["SOE"] and alleges:

### JURISDICTION AND VENUE

1. This is an action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e et seq. ["Title VII"].

2. The Court has original jurisdiction over McGILL-JOHNSON's claims pursuant to 28 USC §1331.

3. Venue properly lies with this Court pursuant to Middle District of Florida Local Rule 1.02(c) because McGILL-JOHNSON was employed, and the conduct complained of occurred, at Orlando, Orange County, Florida.

### PARTIES

4. McGILL-JOHNSON is an African-American female who at all times resided at Orlando, Orange County, Florida. McGILL-JOHNSON is a "person" and an "employee" within the meaning of Title VII.

5. SOE is a governmental agency established by the Florida constitution located in Orlando, Orange County, Florida which is headed by an elected Supervisor who, at all times material, was Bill Cowles. SOE is an "employer" within the meaning of Title VII.

## COUNT I: DISPARATE TREATMENT

6. This is an action alleging disparate treatment based on race in violation of Title VII of the Civil Rights Act of 1974, as amended, 42 USC §2000e *et seq.*

7. McGILL-JOHNSON incorporates by reference and realleges the allegations of paragraphs 1 through 5.

8. All conditions precedent to suit have been complied with. McGILL-JOHNSON timely filed a charge of discrimination with the Equal Employment Opportunity Commission, No. 510-2021-01146 and has brought this suit within 90 days of her receipt of a right-to-sue notice.

9. McGILL-JOHNSON was employed by SOE as a Records Clerk between January 21, 2014 to August 12, 2020 when she was involuntarily terminated.

10. During her employment McGILL-JOHNSON was the only African-American Records Clerk employed by SOE.

11. McGILL-JOHNSON was constructively terminated on August 12, 2020 by Ms. Radhica Singh, Director of Administrative Services, who told McGILL-JOHNSON that she would be terminated unless she resigned immediately, as hereinafter set forth.

12. McGILL-JOHNSON was replaced by a white Hispanic female.

13. Prior to McGILL-JOHNSON's termination she was never disciplined, warned or counseled for misconduct or performance. McGILL-JOHNSON's last two performance reviews rated her as exceeding expectations in most areas.

14. The reason McGILL-JOHNSON was given for her termination was that she had committed a "severe offense" (theft or unauthorized use of SOE property). The alleged offense,

2

which occurred on Friday, July 31, 2020, consisted of using a bottle of hand sanitizer as part of COVID precautions while processing an unusually large volume of envelopes in her office in the course of her duties, which had to be completed by the end of the day. Normally, McGILL-JOHNSON used gloves which were issued by the SOE to process envelopes, but she believed it would be far more efficient to work ungloved and frequently sanitize her hands, as all SOE employees are instructed to do, so she could get them done on time.

15. The only available bottle of hand sanitizer was located at the front desk, and McGILL-JOHNSON did not want to either take that bottle to her office or frequently leave her office to use it and thereby lose time. McGILL-JOHNSON was aware that COVID supplies (sanitizer and gloves) were stored in a cabinet in the office of Ms. Eneida Freeburn, a purchasing agent who purchased supplies for the office. McGILL-JOHNSON went to Ms. Freeburn's office to see if she could use one of the bottles of sanitizer; however, Ms. Freeburn had already left for the weekend so McGILL-JOHNSON could not ask permission. McGILL-JOHNSON took an 8-ounce bottle of sanitizer from the cabinet in which it was stored, and used it at her office desk. McGILL-JOHNSON only used the sanitizer to perform her job, she never removed the sanitizer from the office at any time, and the sanitizer remained on her desk when she was terminated.

16. McGILL-JOHNSON placed a note on the bottle to remind her to inform Ms. Freeburn at the first opportunity. McGILL-JOHNSON was out on unexpected, but approved, leave the following week. When McGILL-JOHNSON returned to work on Monday, August 10, 2020 she notified Ms. Freeburn that she had taken the sanitizer and informed Ms. Freeburn of the circumstances. Ms. Freeburn acknowledged to SOE that McGILL-JOHNSON notified her. Ms. Freeburn did not tell McGILL-JOHNSON that she was subject to discipline, nor did she ask McGILL-JOHNOSN to either return the bottle of sanitizer from her desk or to purchase a

replacement. McGILL-JOHNSON worked her usual shift the rest of that day and the next day, Tuesday, August 11, 2020.

17. On Wednesday, August 12, 2020 McGILL-JOHNSON was summoned to Ms. Singh's office, and was asked whether she had taken hand sanitizer from Ms. Freeburn's office. McGILL-JOHNSON freely admitted to taking and using the sanitizer and advised Ms. Singh of the circumstances. Ms. Singh told McGILL-JOHNSON that this was a "severe offense", and gave McGILL-JOHNSON the choice of either resigning immediately or being terminated. Ms. Singh had previously prepared a resignation document, before McGILL-JOHNSON was even questioned. McGILL-JOHNSON was in shock because she did not believe she had done anything wrong; and she elected to resign and signed the document to avoid the stigma of termination after many unblemished years of service with two Orange County government agencies.

18. McGILL-JOHNSON believes that the reason she was given for her constructive termination is false, and is a pretext for unlawful discrimination, because (a) SOE management would never have known McGILL-JOHNSON had used the hand sanitizer if she had not reported it (which shows that there was no dishonest intent); (b) the hand sanitizer was never taken from or used outside the SOE office, it was only used to help her complete her official duties on a single occasion in compliance with SOE's COVID requirements; (c) the extremely harsh punishment of termination deviated from SOE's employee handbook, which specifically states that it is the SOE's policy to terminate only if conduct cannot be corrected; and (d) the extremely harsh punishment of termination for a single first occurrence also deviated from the employee handbook, which specifically states that it is *not* SOE's policy to "fire people for making an honest mistake". McGILL-JOHNSON believes that if what she did was an offense at all, it was an extremely minor error in judgment or "honest mistake".

4

19. McGILL-JOHNSON does not know of any other SOE employee who has been terminated for a first "honest mistake" after years of unblemished service. Non-African-American record clerks and other non-African-American SOE employees who have made "honest mistakes" have only been informally counseled or have received minor discipline with no loss in pay.

20. The above conduct by SOE constitutes unlawful disparate treatment based on race, in violation of Title VII.

21. As the direct result of SOE's unlawful conduct McGILL-JOHNSON has been damaged. Such damages include, but are not limited to, lost wages and benefits, both past and future; lost retirement credits and benefits; emotional damages; reputational damages; humiliation and embarrassment; loss of enjoyment of life; loss of property and possessions; and consequential damages incurred in an effort to replace what McGILL-JOHNSON has lost.

**WHEREFORE**, MCGILL-JOHNSON prays for judgment:

(a) Awarding her all tangible and intangible compensatory damages to which she is entitled by law;

(b) Reinstating her to employment with SOE together with restoration of pay, benefits, retirement credits, and seniority as if she had not been terminated;

(c) Awarding her front pay, benefits, and retirement credits if reinstatement is impossible or impracticable;

(d) Awarding injunctive relief designed to correct and prevent the recurrence of SOE's unlawful conduct;

(e) Awarding her prejudgment interest, attorneys' fees and costs of this action; and

(f) Awarding her such other and further legal and equitable relief to which she is entitled.

**DEMAND FOR JURY TRIAL**

McGILL-JOHNSON hereby demands trial by jury on all issues triable as of right before a jury.

DATED this 4th day of March, 2021.

THOMAS J. PILACEK & ASSOCIATES
Tuskawilla Office Park
1318 Town Plaza Court
Winter Springs, FL  32708
Phone:  407-660-9595
Facsimile:  407-660-8343
Primary:        tpilacek@pilacek.com
Secondary:    gdavis@pilacek.com
                        amalpartida@pilacek.com

BY: _____
     Thomas J. Pilacek
     Fla. Bar No. 143576
     tpilacek@pilacek.com

Attorney for Plaintiff

6